ACCEPTED
13-15-00156-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/28/2015 6:57:14 PM
CECILE FOY GSANGER
CLERK

NO. 13-15-00156-CR

COURT OF APPEALS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/28/2015 6:57:14 PM
CECILE FOY GSANGER
Clerk

THIRTEENTH DISTRICT OF TEXAS

STATE OF TEXAS v. GABIER GONZALES

FROM THE 36TH DISTRICT COURT, SAN PATRICIO COUNTY, TEXAS
CAUSE NO. S-11-3069-CR,
THE HONORABLE STARR BAUER PRESIDING

**APPELLEE** APPELLANT

John M. Lamerson
Attorney at Law
State Bar No. 24076495
P.O. Box 241
Corpus Christi, TX 78403
Tel: (361) 816-9969
Fax: (866) 935-5634

Jacqueline Rae Lamerson
Attorney at Law
State Bar No. 24074923
P.O. Box 241
Corpus Christi, TX 78403
Tel: (361) 816-9969
Fax: (866) 935-5634

**ORAL ARGUMENT REQUESTED**

APPELLANT'S BRIEF

NO. 13-15-00156-CR
IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI

STATE OF TEXAS v. GABIER GONZALES

FROM THE 36TH DISTRICT COURT, SAN PATRICIO COUNTY, TEXAS
CAUSE NO. S-11-3069-CR,
THE HONORABLE STARR BAUER PRESIDING

TO THE HONORABLE COURT OF APPEALS:

**NOW COMES**, Defendant, Appellant herein, files and submit his Brief in this appeal from a revocation of probation and a judgment of guilty, and would respectfully show as follows:

# IDENTITY OF PARTIES AND COUNSEL

**Appellant:**
GABIER GONZALES

**Counsel for Appellants at trial:**
Mr. Mark Eggert
707 E San Patricio Ave
Mathis, TX 78368-2430
SBOT No. 06482300

**Counsel for Appellants on Appeal:**

John M. Lamerson
The Lamerson Law Firm
State Bar No. 24076495
P.O. Box 241
Corpus Christi, TX 78403
SBOT No. 24076495

Jacqueline Rae Lamerson
Attorney at Law
State Bar No. 24074923
P.O. Box 241
Corpus Christi, TX 78403
SBOT No. 24074923

**Counsel for State at Trial:**
Mr. Frank Errico
San Patricio County District Attorney's Office
400 West Sinton Street, Room 233
P.O. Box 1393
Sinton, TX 78387
SBOT No. 06648950

**State Appellate Counsel:**
Mr. Frank Errico
San Patricio County District Attorney's Office
400 West Sinton Street, Room 233
P.O. Box 1393
Sinton, TX 78387
SBOT No. 06648950

# TABLE OF CONTENTS

Identity of Parties and Counsel   …………………………. 3

Table of Contents   ………………………………… 4

Index of Authorities   ………………………………… 5

Statement of the Case ………………………………. 6

Issues Presented   ………………………………. 6

A. The sentence imposed by the trial court was disproportionate to the seriousness of the alleged offense, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

Statement of Facts   ………………………………… 7

Summary of the Argument  ................................................ 8

Argument  ........................................................................ 9

Issue 1: Eighth and Fourteenth Amendments................... 9

Prayer   ........................................................................ 13

Certificate of Service   ........................................................ 14

Certificate of Compliance .................................................... 15

# INDEX OF AUTHORITIES

**Texas Cases:**

*Noland v. State*, 264 S.W.3d 144, 151 (Tex.App.—Houston [1st Dist.] 2007, pet. ref'd) …………………………………………………………….. 9

**Federal Cases:**

*Baze v. Rees*, 553 U.S. 35 (2008) …………..……………………………… 9

*Coker v. Georgia*, 433 U.S. 584 (1977) ……..…..……………………… 10

*Furman v. Georgia*, 408 U.S. 238 (1972) …………………………… 10

*Gregg v. Georgia*, 428 U.S. 153 (1976) …………………..…………… 10

*Robinson v. California*, 370 U.S. 660 (1962) …………………………… 9

*Trop v. Dulles*, 356 U. S. 86 (1958) …………………..…………… 10

*Weems v. United States*, 217 U. S. 349 (1910) …………………. 10

**United States Constitution:**

U.S. CONST. amend. VIII ……..…………..…………………………… 9

U.S. CONST. amend. XIV ……..…………..…………………………… 9

**Secondary Sources:**

Kirchmeier, Jeffrey L., "Let's Make a Deal: Waiving the Eighth Amendment by Selecting a Cruel and Unusual Punishment," Connecticut Law Review, Vol. 32, No. 2, pp. 615-52, Winter 2000 …………………..…………… 11

## STATEMENT OF THE CASE

On March 20, 2015, against the recommendation of the probation department, the Defendant, Gabier Gonzales, was revoked from his probation and sentenced to fifteen (15) years in the Institutional Division of the Texas Department of Criminal Justice.  This revocation and sentence was a violation of the Defendant's right against cruel and unusual punishment.  This Eighth Amendment protection cannot be waived by the Defendant.

## ISSUES PRESENTED

***Issue 1:***  The sentence imposed by the trial court was disproportionate to the seriousness of the alleged offense, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

## STATEMENT OF FACTS

On March 20, 2015, a Motion to Revoke the probation of Defendant Gabier Gonzales was heard before Judge Janna Whatley in the 36th Judicial District Court, San Patricio County, Texas. The State presented as evidence to the Court the Stipulation and Waiver of the Pre-Sentence Report, the Stipulation and Judicial Confession, and the Pre-Sentence Investigation Report. Testimony from the Defendant was taken by the State and the Defense, and it was made part of the record that the San Patricio Probation Department recommended that the Defendant be continued on probation. The Judge revoked the Defendant from his probation and sentenced him to fifteen (15) years in the Institutional Division of the Texas Department of Criminal Justice.

## SUMMARY OF ARGUMENT

The punishment assessed by the trial Court was excessive in relation to the crime committed. The punishment was excessive and unconstitutional as it (1) makes no measurable contribution to acceptable goals of punishment, and hence is nothing more than the purposeless and needless imposition of pain and suffering; and/or (2) is grossly out of proportion to the severity of the crime. The Eighth Amendment protections guaranteed to the Defendant cannot be waived because such waivers do not benefit the individual or society.

## ARGUMENT

***Issue I:  The sentence imposed by the trial court was disproportionate to the seriousness of the alleged offense, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.***

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fine imposed, nor cruel and unusual punishment inflicted." See U.S. CONST. amend. VIII, XIV. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. See U.S. CONST. amend. XIV.  The protection against cruel and unusual punishment has been incorporated by the United States Supreme Court against the states.  *Robinson v. California*, 370 U.S. 660 (1962); *Baze v. Rees*, 553 U.S. 35 (2008).

In this present case, probation recommended that the Defendant be reinstated on probation instead of being revoked.  RRv2 8:24 - 9:3.  The reasoning behind their recommendation was set forth in the Pre-Sentence Investigation Report introduced into evidence as State's Exhibit A.  No new offenses were the subject of the motion to revoke, and the alleged violations were technical in nature.

The difference between the course of action recommended by the probation department and the sentence imposed by the court, fifteen years

incarceration in the institutional division of the Texas Department of Corrections, is so severe, particularly given the lack of severity of the violations, that it can only be termed as cruel and unusual, and a violation of the Eighth and Fourteenth Amendments. The United States Supreme Court has long held that a disproportionality between the sentence and the offense is a violation of the cruel and unusual provision of the Eighth Amendment. *Coker v. Georgia*, 433 U.S. 584 (1977). As the *Coker* Court held:

> In sustaining the imposition of the death penalty in *Gregg,* however, the Court firmly embraced the holdings and dicta from prior cases, *Furman v. Georgia, supra; Robinson v. California,* 370 U. S. 660 (1962); *Trop v. Dulles,* 356 U. S. 86 (1958); and *Weems v. United States,* 217 U. S. 349 (1910), to the effect that the Eighth Amendment bars not only those punishments that are "barbaric," but also those that are "excessive" in relation to the crime committed. Under *Gregg,* a punishment is "excessive" and unconstitutional if it (1) makes no measurable contribution to acceptable goals of punishment, and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. A punishment might fail the test on either ground. Furthermore, these Eighth Amendment judgments should not be, or appear to be, merely the subjective views of individual Justices; judgment should be informed by objective factors to the maximum possible extent. To this end, attention must be given to the public attitudes concerning a particular sentence history and precedent, legislative attitudes, and the response of juries reflected in their sentencing decisions are to be consulted

In this present case, the Defendant's confinement to the Texas Department of Corrections, given the fact that there had been no finding that the Defendant was any danger to society, makes no measurable contribution to acceptable goals of punishment. And in the alternative, the Defendant's revocation based solely on technical violations of his probation, against the recommendation of the probation department, is grossly out of proportion to the severity of the crime.

It is true that Texas courts have held heretofore that a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. "The failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waives any error for our review." *Noland v. State*, 264 S.W.3d 144, 151 (Tex.App.—Houston [1st Dist.] 2007, pet. ref'd). However, recent analysis of the Eighth Amendment, specifically the prohibition against cruel and unusual punishment, has led constitutional scholars to the proposition that the prohibition against cruel and unusual punishment cannot be waived by an individual.

In his article "Let's Make a Deal: Waiving the Eighth Amendment by Selecting a Cruel and Unusual Punishment," author Jeffrey L. Kirchmeier states that the ban on cruel and unusual punishments is a right that differs

significantly from other constitutional criminal rights because it serves a broad societal purpose, and that the waiver of this right differs from the waiver of other criminal rights because such waivers do not benefit the individual or society. *See* Kirchmeier, Jeffrey L., "Let's Make a Deal: Waiving the Eighth Amendment by Selecting a Cruel and Unusual Punishment," Connecticut Law Review, Vol. 32, No. 2, pp. 615-52, Winter 2000. The analysis within the article makes sense from a practical and legal point of view. Could the Texas legislature assign punishment for a Class C misdemeanor at life, a state jail felony at castration, if the defendant voluntarily waives it as part of an ill-advised plea agreement? The proposition that a person can choose to be treated cruelly and unusually by the State is so counter to the interests that the Eighth Amendment purports to protect that a waiver is legally and morally impossible.

## PRAYER

The Defendant respectfully requests that this Honorable Court grant his request to find that the trial court abused its discretion for the reasons stated above. The Defendant respectfully requests that judgment be reversed and this case be remanded for a new trial.

<div style="margin-left: 40%;">

Respectfully Submitted

John M. Lamerson
The Lamerson Law Firm
State Bar No. 24076495
P.O. Box 241
Corpus Christi, Texas 78403
Telephone: (361) 816-9969
Facsimile: (866) 935-5634
lamersonlawfirm@gmail.com

**By /S/ John Michael Lamerson**
JOHN M. LAMERSON

Attorney for Defendant Gabier Gonzales

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a true, correct, and complete copy of the foregoing was served on all counsel of record via e-filing and via facsimile (361.364.9490) to the San Patricio County District Attorney's Office, 400 West Sinton Street, Room 233, P.O. Box 1393, Sinton, TX 78387 in accordance with the Texas Rules of Appellate Procedure on this day, July 28, 2015.

**/S/ John Michael Lamerson**
JOHN M. LAMERSON

## <u>RULE 9.4(I) CERTIFICATION</u>

In compliance with the Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(I), is **<u>1,891</u>** per the Word software used to write this document.


**/S/ John Michael Lamerson**
JOHN M. LAMERSON